A police officer observes an automobile at 1:30 a.m., with the lights on and the engine running, in a parking lot adjacent to a lounge. The driver is either asleep or passed out behind the wheel with a hat covering his face. The officer knocks on the car window three or four times before the occupant even begins to stir. The officer, at that point, has reasonable suspicion to believe that the crime of driving under the influence of alcohol may be occurring in his presence. Contrary to the holding of the majority, it would have been unreasonable for the officer in this case not to open the car door to investigate further.
A reasonable approach would utilize a Terry v. Ohio
(1968), 392 U.S. 1, analysis in drunk driving cases. In determining whether the particular intrusion by the police officer was reasonably warranted, there must be specific and articulable facts to support the officer's actions.
Hence, if appellant had been sleeping in his car in the middle of the afternoon, in what was strictly a department store parking lot, the officer would not have had reasonable suspicion to open the car door. But when the incident occurs at 1:30 a.m., in a parking lot adjacent to a lounge, a different approach by the police officer is clearly justified.
Based upon the foregoing analysis, I would affirm the trial court's decision to deny appellant's motion to suppress. Accordingly, I must respectfully dissent.
JUDGE WILLIAM M. O'NEILL